UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIAM HOGAN | CIVIL ACTION NO. |
| VERSUS | JUDGE: |
| CVS PHARMACY, INC., ET AL. | MAGISTRATE: |

### NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Louisiana CVS, L.L.C.[1] ("Louisiana CVS" or "Defendant") who removes the action captioned "*William Hogan v. CVS Pharmacy, Inc., et al.,*" Docket NO. 637398-B ("the Petition") from the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, to the United States District Court for the Western District of Louisiana, Shreveport Division, pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*. In support of this Notice of Removal, Defendant states as follows:

1.

Plaintiff William Hogan ("Plaintiff") filed the above-entitled action in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana, on or about May 31, 2022. In accordance with the provisions of 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a complete copy of the entire suit records currently filed in the 1st Judicial District Court for the Parish of Caddo, State of Louisiana.

2.

The Petition and Citation issued by the 1st Judicial District Court were served upon Louisiana CVS's registered agent for service of process, CT Corporations System, on June 22, 2022.

---

[1] Improperly pled in the Petition as CVS Pharmacy, Inc.

22782368

## VENUE

3.

Venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because Louisiana CVS is removing this action to the District Court for the district and division embracing Caddo Parish, Louisiana, where the Petition was filed.

## JURISDICTION

4.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the properly joined parties, and the amount in controversy exceeds $75,000, exclusive of costs, although Louisiana CVS denies any liability whatsoever.

## DIVERSITY OF CITIZENSHIP

5.

Plaintiff alleges that he is a resident of Caddo Parish, Louisiana.[2]  Therefore, Plaintiff is a citizen of the State of Louisiana for purposes of diversity jurisdiction.

6.

Defendant, Louisiana CVS Pharmacy, LLC is a limited liability company organized under the laws of the State of Louisiana.

7.

The citizenship of a limited liability company is determined by the citizenship of its members.[3]  The sole member of Louisiana CVS Pharmacy, LLC is CVS Pharmacy, Inc., which is a Rhode Island corporation with its principal place of business in Rhode Island.  Pursuant to 28

---

[2] Exhibit A, Plaintiff's Petition for Damages.
[3] *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015 (1990).

U.S.C. § 1332, a "a corporation shall be deemed to be a citizen of every State …by which it has been incorporated and of the State … where it has its principal place of business."  Therefore, Louisiana CVS is a citizen of Rhode Island.

8.

Plaintiff also names a fictitious entity, XYZ Insurance Company, as defendant.  Pursuant to 28 U.S.C. 1441(b)(1), the citizenship of defendants sued under fictitious names should not be considered when determining diversity jurisdiction.

9.

Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, *et seq.*, due to the fact that there is complete diversity of citizenship of all parties in this case.

**AMOUNT IN CONTROVERSY**

10.

Although Louisiana CVS denies any liability, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.

In the Petition for Damages, Plaintiff seeks to recover compensatory damages for personal injuries resulting from an alleged fall incident.  Plaintiff alleges that, on or about July 21, 2021, he went to a CVS store located at 6935 Pines Road in Shreveport, Louisiana, in order to receive a Covid-19 vaccination and that he suffered injuries when he sat in a chair in the pharmacy waiting room that collapsed.  As a result of this incident, Plaintiff has alleged severe injuries, including a fractured tailbone and other soft tissue injuries to his neck and back.  Plaintiff also asserts that, as a result of this incident, he is totally and permanently disabled and has lost the ability to earn wages or income.  Plaintiff claims that Louisiana CVS is liable for: all injuries, damages, medical,

hospital, doctor, drug, rehabilitation or other expenses, pain and suffering and disabilities, and loss of wages, and all future disabilities in an amount to be set by [the Court] together with legal interest on said sums from date of judicial demand," along with expert and medical witness costs.

12.

In *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000), the plaintiff alleged in her original state court petition that she sustained injuries to her right wrist, left knee and patella, and upper and lower back. She also made damage claims for "medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and **permanent disability** and disfigurement."[4] The Fifth Circuit found that "the district court did not err in denying Plaintiff's motion to remand. Because it was facially apparent that Plaintiff's claimed damages exceeded $75,000."

13.

Similarly, in *Thomas v. Rain CII Carbon, LLC*, No. CV 17-6097, 2018 WL 2149225, *3 (E.D. La. May 10, 2018), the plaintiff sought damages for "medical expenses, physical and mental pain and suffering, loss of wages and earning capacity, and **permanent disability**." Although the petition did not specify what the damage amounts could be, this Court held that it was facially apparent in the petition that the damages sought or incurred were likely above $75,000.00.

14.

Finally, in *Sylvester v. Dolgencorp, LLC*, No. CV 18-8613, 2019 WL 1110758, *2-*3 (E.D. La. Mar. 11, 2019), this Court analyzed the amount in controversy in a slip and fall case where the plaintiff generally alleged "serious and permanent" personal injuries. The plaintiff also claimed entitlement to compensatory damages for "medical expenses, physical pain and suffering, mental

---

[4] 233 F.3d at 883. (emphasis added).

anguish, emotional distress, permanent disability, loss of enjoyment of life, and lost wages and economic horizons, similar to Plaintiff here. The Court cited *Gebbia* and found that that information in the plaintiff's petition was sufficient to establish by a preponderance of the evidence that the plaintiff's claims exceeded $75,000.

15.

Based on the nature and extent of the Plaintiff's alleged damages, including potential residual disability and claims for loss of past and future earnings, and the above-referenced jurisprudence, the requisite amount in controversy is met. As such, Louisiana CVS (although specifically denying any liability for the damages alleged in the Petition for Damages) submits it is facially apparent from the Petition that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

16.

Considering the foregoing, there is complete diversity of citizenship between the parties, and the amount of controversy exceeds $75,000.00, exclusive of costs and interests, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

17.

Louisiana CVS was first served with the Petition on June 22, 2022; therefore, this Notice of Removal is timely filed.

## CONSENT TO REMOVAL

18.

For removal to be proper pursuant to 28 U.S.C. § 1332 and 1441(a), all properly joined and served defendants must consent to or join in the removal of the action. Louisiana CVS is the only properly joined and served defendant at this time, and therefore may remove this action.

19.

A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 1st Judicial District Court, Parish of Caddo, as required by 28 U.S.C. § 1446(d).

## NON-WAIVER OF DEFENSES

20.

Louisiana CVS reserves any and all defenses to the claims asserted in Plaintiff's Petition.

**WHEREFORE,** Defendant, Louisiana CVS Pharmacy, L.L.C. hereby removes this action to the United States District Court for the Eastern District of Louisiana for all further proceedings.

Respectfully submitted:

*/s/ Molly Gunnels*
Amanda Collura-Day (#33777)
amanda.collura-day@keanmiller.com
KEAN MILLER LLP
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone: (504) 585-3050

AND

Vance A. Gibbs, Esq. (La. Bar No. 1375)
vance.gibbs@keanmiller.com
Katie D. Bell (La. Bar No. 29831)

6

22782368

katie.Bell@keanmiller.com  
Molly J. Gunnels (La. Bar No. 38249)  
Molly.gunnels@keanmiller.com  
KEAN MILLER, LLP  
400 Convention Street, Suite 700 (70802)  
Post Office Box 3513  
Baton Rouge, Louisiana 70821  
Telephone: (225) 387-0999  
Facsimile: (225) 388-9133  

*Attorneys for Louisiana CVS Pharmacy, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record via this Court's e-filing (ECF) system and/or U.S. Mail, postage prepaid, as follows:

Paul E. Kitchens (#07430)  
420 Broadway  
Minden, LA 71055  
Telephone: (318) 377-5331  
Facsimile: (318) 377-5361  
*Attorney for Plaintiffs*

Baton Rouge, Louisiana this 21st day of July, 2022.

/s/ Molly Gunnels_____